[Civ. No. 3040. Third Appellate District.—December 24, 1927.]

HENRY McOMIE, Respondent, v. THE BOARD OF DIRECTORS OF THE VETERANS' HOME OF CALIFORNIA et al., Appellants.

U. S. Webb, Attorney-General, and Frank L. Guerena and R. L. Chamberlain, Deputies Attorney-General, for Appellants.

E. L. Webber for Respondent.

WEYAND, J., *pro tem.*—By complaint filed in the superior court of Napa County on March 9, 1925, the above-named plaintiff alleged that Samuel W. Backus, Hugh M. Burk, B. A. Forsterer, E. L. Hawk, E. B. Hinman, Harry E. Speas, and Walter D. Wagner were the trustees of the Veterans' Home of California, and that C. de Colmesnil was the secretary-treasurer of said Home. Plaintiff further alleged that one Henry McOmie, the father of plaintiff, died in Napa County on or about April 28, 1922, being at the time of his death a resident of Napa County and an inmate of said Veterans' Home. That at the time of his death McOmie, the deceased, had on deposit with defendants herein the sum of $794.38. It is further averred that plaintiff herein was the son and only heir of the deceased, and the only person entitled to any share in the estate of said deceased. It is then alleged that said defendants are holding said sum of money "until the same is claimed by any heirs at law of said Henry McOmie, deceased," and, by further allegation, that said plaintiff "demanded of said defendants the payment of all of said moneys to him . . . but the defendants have refused and still continue to refuse to pay plaintiff said moneys or any part thereof."

The prayer to said complaint is worded as follows: "Wherefore plaintiff prays judgment against said defendants for the sum of $794.38, and interest and costs of suit."

To this complaint there was interposed, in due time, a general demurrer. This demurrer came up for hearing, and thereupon the judge of the trial court ordered inserted in said complaint an allegation that plaintiff had "submitted to defendants proper proof of heirship to Henry McOmie, deceased, and his right to be paid said moneys," and then ordered the demurrer overruled and granted defendants ten days within which to answer said complaint. Defendants did not answer, and upon the entry of their default the clerk of the said court entered a pretended judgment herein without order or direction of or from the judge of said court, and without the taking of any testimony by the court as to the truth of the allegations of the complaint.

Defendants have appealed from said judgment, and the case is presented in this court upon the judgment-roll, duly certified by the clerk of the superior court of Napa County.

Appellants assign three reasons why, as they claim, the said judgment should be reversed. We will state these reasons in the order in which we believe they should be arranged and not in the order presented by appellants.

First: Appellants assert that such an action as this, even if permitted, must be brought and prosecuted by the personal representative of the deceased.

Second: That in no event could a judgment such as this be entered by the clerk without the order of the judge granting the judgment, and upon testimony being taken by the court as to the allegations of the complaint.

Third: Appellants claim that this action is in substance a direct action against the state of California, and that in its present form it is not one of the character that may be prosecuted against the state.

Taking up these objections in the above order, while this judgment cannot be sustained for reasons hereinafter stated, yet we are of the opinion that it is not a valid objection to this form of action that it is brought directly in the name of the heir, and without obtaining letters of administration upon the estate of the deceased. No purpose can be served by administration of the estate of the deceased who leaves only an estate consisting of pension moneys, or moneys turned over to the trustees of this Home. This money is not subject to execution. (Subd. 20, sec. 690, Code Civ. Proc.) Creditors can have no interest therein. A similar situation is provided for by section 1454 of the Code of Civil Procedure, whereby certain heirs are permitted to collect a bank deposit under certain conditions without probate. Section 10 of the Veterans' Home Act (Stats. 1897, p. 110), as the same was amended by chapter 573 of the Statutes of 1921, specifically provides that the moneys on deposit, such as this, may be paid over "without probate" of the estate of the deceased inmate.

As to the claim of appellants that this judgment is one that can only be rendered by the court after the taking of testimony upon the matters alleged in the complaint, we must agree with that contention. Subdivision 1 of section 585 of the Code of Civil Procedure provides the only conditions under which the clerk of the court may enter a default judgment. This action is not of the kind

wherein the clerk, upon application of the plaintiff, may make entry of judgment. We are therefore of the opinion that the action of the clerk herein, in attempting to enter a judgment, was wholly beyond the statutory power of the clerk, and therefore this judgment must be reversed.

[3] third objection above enumerated is in our judgment not well taken, except in so far as the form of the action is concerned. The prayer to the complaint herein is one for a direct money judgment against the trustees and the secretary-treasurer, and in response to that prayer the clerk entered a pretended judgment herein. Under section 580 of the Code of Civil Procedure the clerk could not exceed the relief demanded by the complaint. The prayer of the complaint does not ask for an examination by the board of the claims of plaintiff. Having no right to bring an action in this form it must follow that the judgment, in its present form, is void.

We are clearly of the opinion that, if the defendants herein have refused to act as required by law upon due and proper proofs being presented to them under their rules governing the presentation of such claims as the instant one, they may have been compelled by writ of mandate to act and order the claim paid, and their secretary-treasurer may be directed to pay the same and thus any attempted arbitrary action on the part of this board and their secretary-treasurer could have been subject to control by a proper court.

The judgment herein entered by the clerk is reversed, and the judge of the lower court is hereby directed to permit the plaintiff to amend his present complaint to the end that he may state a cause of action to compel the defendants to allow the claim and to compel said secretary-treasurer to pay the same.

Plummer, J., and Finch, P. J., concurred.